UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **SOSCIA HOLDINGS, LLC;** : <br> **STRUCTURES AT JOHNSON'S POND, LLC;** : <br> **BOATING AT JOHNSON'S POND, LLC;** : <br> **WATERFRONT AT JOHNSON'S POND, LLC;** : <br> **COMMON AREA AT JOHNSON'S POND,** : <br> **LLC; and LAND AT JOHNSON'S POND, LLC,** : <br>            *Plaintiffs,* : <br> : <br> v.         : <br> : <br> **TOWN OF COVENTRY;** : <br> **TOWN OF COVENTRY,** *by and through its* : <br> *Finance Director Robert J. Civetti, in his Official* : <br> *Capacity*; : <br> **HILLARY V. LIMA,** *in her Official* : <br> *Capacity as Council President and Individually*; : <br> **JAMES E. LEBLANC,** *in his Official Capacity* : <br> *as Council Vice President and Individually*; : <br> **JONATHAN J. PASCUA,** *in his Official* : <br> *Capacity as Councilmember and Individually*; : <br> **ALISA M. CAPALDI,** *in her Official Capacity as* : <br> *Councilmember and Individually*; : <br> **KIMBERLY A. SHOCKLEY,** *in her Official* : <br> *Capacity as Councilmember and Individually*; : <br> **JENNIFER M. LUDWIG,** *in her Official* : <br> *Capacity as Councilmember and Individually*; : <br> **DANIEL O. PARILLO, JR.,** *in his Official* : <br> *Capacity as Town Manager and Individually*; : <br> **STEPHEN J. ANGELL, ESQ.,** *in his Official* : <br> *Capacity as Town Solicitor and Individually,* : <br>            *Defendants.* : <br> : | Case No. 1:25-cv-00274-MRD-AEM |

**MOTION TO EXPEDITE DECISION ON
MOTION TO SEAL AND FOR PROTECTIVE ORDER**

Plaintiffs, Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC (collectively, "Plaintiffs"), by and through their undersigned

counsel, hereby move this Honorable Court to expedite the decision on the Motion to Seal and for a Protective Order. As grounds therefore, Plaintiffs state as follows:

### I. The Town and Solicitor Angell have Presented a Threshold Issue of Privilege and Waiver to this Court for Decision

In filing its Motion to Seal and for a Protective Order on August 11, 2025—the same day that they filed their Motion to Dismiss—the Town of Coventry and Solicitor Stephen J. Angell, Esq. have raised an important threshold issue that must be resolved prior to addressing the Motion to Dismiss. Namely, they raise the issue of whether Exhibit 14 (the "Executive Session Minutes") attached to the Plaintiffs' Complaint is subject to any privilege, and if so, whether that privilege has been waived. The factual allegations in the Plaintiffs' Complaint heavily rely upon the use of the Executive Session Minutes shown in Exhibit 14.

### II. A Decision on this Threshold Issue is Necessary to Avoid Substantial Prejudice to the Rights of the Plaintiffs

Plaintiffs require a decision on the Motion to Seal and for a Protective Order before they can adequately respond to the Defendants' Motion to Dismiss. The issues raised in the Motion to Seal and for a Protective Order are integral to the Plaintiffs' ability to present a meaningful and comprehensive response to the Motion to Dismiss. Requiring the Plaintiffs to respond to the Motion to Dismiss without a decision on the Motion to Seal and for a Protective Order would result in substantial prejudice to the Plaintiffs.

Specifically, as explained through the facts and travel in Section II of the Plaintiffs' Objection to the Motion to Seal and for a Protective Order filed herewith, the Defendants are attempting to leverage this privilege and waiver issue to bolster their abstention argument raised in the Motion to Dismiss and deprive the Plaintiffs of their choice of forum. *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 42-43 (1st Cir. 2009) (citing 14C Wright, Miller & Cooper,

*Federal Practice and Procedure* § 3725, at 95 (3d ed. 1998)) (recognizing "the historical tradition that the plaintiff is the master of the forum and is empowered to choose the court system and venue in which litigation will proceed").

As set forth in the Plaintiffs' Objection, the Defendants have submitted an issue of pure federal law to this Court for decision, which can only be resolved by this Court. If the Court does not timely rule on the Motion to Seal and for a Protective Order, this will only promote the Defendants' efforts to usurp this Court's jurisdiction by interjecting federal issues into a closed state court proceeding. The Court should be particularly concerned with this litigation tactic by the Defendants in light of the United States Supreme Court's holding in *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180 (2019), which overruled the state-litigation requirement for takings claims.

### III. Swift Resolution of the Motion to Seal and for a Protective Order will Promote Judicial Economy

Expediting the decision on the Motion to Seal and for a Protective Order and promptly addressing this threshold issue will promote judicial economy, and it would be in full accord with First Circuit precedent. *See Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir. 1985) (explaining that "the rules of civil procedure do not completely describe and limit the power of district courts"); *In re Atlantic Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002) (providing that "inherent powers must be used in a way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases"). A timely decision by the Court will streamline these proceedings and allow the Court to focus on the substantive matters at hand, which as stated in the Complaint, are primarily federal claims.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Expedite the Decision on the Motion to Seal and for a Protective Order. Neither party has

requested oral argument, and the Motion to Seal and for a Protective Order may be decided on the papers, unless this Court would prefer hearing oral argument.

                Respectfully submitted,

**SOSCIA HOLDINGS, LLC;**
**STRUCTURES AT JOHNSON'S POND, LLC;**
**BOATING AT JOHNSON'S POND, LLC;**
**WATERFRONT AT JOHNSON'S POND, LLC;**
**COMMON AREA AT JOHNSON'S POND, LLC; and LAND AT JOHNSON'S POND, LLC**

By their attorneys,

/s/ *Michael A. Kelly*
Michael A. Kelly, Esq. (#2116)
Scott D. Levesque, Esq. (#5654)
Gregory S. Estabrooks, Esq. (#10713)
**KSPR LAW, P.C.**
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel. (401) 490-7334
mkelly@ksprlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on August 19, 2025, a copy of the foregoing *Motion to Expedite* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

John Tarantino, Esq., Nicole Benjamin, Esq. and Lucas Spremulli, Esq.
Adler Pollock & Sheehan, P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
jtarantino@apslaw.com
nbenjamin@apslaw.com
lspremulli@apslaw.com

J. Richard Ratcliffe, Esq.
Ratcliffe Harten Galamaga, LLP
40 Westminster Street, 7th Floor
Providence, RI 02903
rratcliffe@rhgllp.com

Michael T. Eskey, Esq. & Jennifer Sylvia, Esq.
Moses Ryan, Ltd.
40 Westminster Street, 9th Floor
Providence, RI 02903
teskey@marlawri.com
jsylvia@marlawri.com

Marc DeSisto, Esq. & Kathleen Daniels, Esq.
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
marc@desistolaw.com
kathleen@desistolaw.com

                                                    */s/ Michael A. Kelly, Esq.*
                                                    Michael A. Kelly, Esq. (#2116)
                                                    **KSPR LAW, P.C.**