UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SOSCIA HOLDINGS, LLC; | : |
| STRUCTURES AT JOHNSON'S POND, LLC; | : |
| BOATING AT JOHNSON'S POND, LLC; | : |
| WATERFRONT AT JOHNSON'S POND, LLC; | : |
| COMMON AREA AT JOHNSON'S POND, | : |
| LLC; and LAND AT JOHNSON'S POND, LLC, | : |
| *Plaintiffs,* | : |
| | : |
| v. | : **Case No. 1:25-cv-00274-MRD-AEM** |
| | : <mark>**[EXPEDITED MOTION]**</mark> |
| TOWN OF COVENTRY; | : |
| TOWN OF COVENTRY, *by and through its* | : |
| *Finance Director Robert J. Civetti, in his Official* | : |
| *Capacity*; | : |
| HILLARY V. LIMA, *in her Official* | : |
| *Capacity as Council President and Individually*; | : |
| JAMES E. LEBLANC, *in his Official Capacity* | : |
| *as Council Vice President and Individually*; | : |
| JONATHAN J. PASCUA, *in his Official* | : |
| *Capacity as Councilmember and Individually*; | : |
| ALISA M. CAPALDI, *in her Official Capacity as* | : |
| *Councilmember and Individually*; | : |
| KIMBERLY A. SHOCKLEY, *in her Official* | : |
| *Capacity as Councilmember and Individually*; | : |
| JENNIFER M. LUDWIG, *in her Official* | : |
| *Capacity as Councilmember and Individually*; | : |
| DANIEL O. PARILLO, JR., *in his Official* | : |
| *Capacity as Town Manager and Individually*; | : |
| STEPHEN J. ANGELL, ESQ., *in his Official* | : |
| *Capacity as Town Solicitor and Individually,* | : |
| *Defendants.* | : |
| | : |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs, Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's

Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and

Land at Johnson's Pond, LLC (collectively, "Plaintiffs"), hereby submit this Reply Memorandum

in Support of Plaintiffs' Motion for Injunctive and Declaratory Relief and in response to Defendants' Objection to Plaintiffs' Motion for Injunctive and Declaratory Relief.

While the Superior Court did not proceed with the hearing on the Town's Motion on December 17, 2025 in KM-2024-0578, the Plaintiffs' Counsel, who appeared specially in that proceeding and maintained jurisdictional objections throughout, have withdrawn and indicated they will not be participating any further. *See* **Exhibit 1** (Notice of Withdrawal of Special Entry of Appearance by Counsel) (filed December 17, 2025). The Plaintiffs deemed this course of action necessary after they were unable to obtain a hearing on their Motion for Injunctive and Declaratory Relief in this Court before that hearing in the Superior Court.

Given the Town's apparent intent to continue forward in the Superior Court alone, the Plaintiffs' maintain their requests for relief in their Motion for Injunctive and Declaratory Relief as substantially provided therein. At the very least, this Court should immediately issue a declaration on the relief requested by Paragraphs 1 through 7 on Pages 50 and 51 of the Motion for Injunctive and Declaratory Relief. *See* ECF No. 45, at 32–40, 50–51.

This minimal relief will provide immediate clarity to the Superior Court, and it may obviate the need for more extraordinary relief given the Town's entire basis for their Motion in Superior Court is that the Plaintiffs somehow "waived" their claim for an assessment of damages under R.I. Gen. Laws § 24-1-8 by filing it in this Court. ECF No. 45 at 9–11. The Town's Motion in the Superior Court has been entirely improper and was clearly designed as an attempt to force the Plaintiffs to litigate their *in personam* claims in the Superior Court (which they have not done and have evidenced no intent to do so). *See also* **Ex. 1** (summarizing limited participation of Counsel through special appearance). This Court should swiftly declare the legal status of Plaintiffs' claims in this Court to end the Defendants' attempt at circumventing its jurisdiction.

## I.    <u>Legal Argument</u>

### A. The Plaintiffs' Motion is procedurally appropriate and based upon the substantive claims and relief requested in the First Amended Complaint.

The Defendants' first argument fails because the Declaratory Judgment Act, Rules 57 and 65, and the All Writs Act merely create procedures and remedies, not standalone causes of action. *Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007) ("Although the plaintiffs style 'declaratory judgment' as a cause of action, the provision that they cite, 28 U.S.C. § 2201(a), creates a remedy, not a cause of action. *See, e.g., Muirhead v. Mecham*, 427 F.3d 14, 17 n. 1 (1st Cir. 2005) (noting that section 2201 'neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief.'"); *see also Valdera v. PHH Mortgage Corporation*, 619 F. Supp. 3d 257, 263 (D.R.I. 2022) (noting "that a preliminary injunction is not a cause of action, but a remedy"); *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002) (holding that "the All Writs Act does not confer jurisdiction on the federal courts").

The relief requested in the Plaintiffs' Motion directly relates to the substantive claims in the First Amended Complaint. *Compare, e.g.*, ECF No. 34 (Pls.' First Am. Compl.) ¶¶ 345–68 (Count I, 42 U.S.C. § 1983) (requesting this Court to order "[t]hat Defendants have violated the Takings Clause and 42 U.S.C. § 1983 by failing to provide the Plaintiffs with Just Compensation" and award "Just Compensation to the Plaintiffs"), *with* ECF No. 45 (Pls.' Mot. for Injunctive and Declaratory Relief) at 50–53 (requesting "[d]eclaratory and injunctive relief otherwise enjoining and restraining the Defendants from violating Plaintiffs' constitutional right to 'just compensation,' interfering with this Court's jurisdiction over this action, or threatening the deprivation of Plaintiffs' constitutional rights by preventing, delaying, or frustrating the adjudication of Plaintiffs' First Amended Complaint in this action"). Put simply, the relief

3

requested in Plaintiffs' Motion merely seeks to protect those *in personam* claims within this Court's jurisdiction from improper interference by the Defendants.

Additionally, the First Amended Complaint requests "[a]ny other relief that the Court deems fair, equitable, and just" in connection with each Count in the First Amended Complaint. *See, e.g.*, ECF No. 34 (First Am. Compl.) ¶ 368. This request for relief satisfies the pleading requirements and enables the instant Motion, as there is no specific requirement to plead declaratory or injunctive relief, unlike, for example, pleading special damages. *Contra* Fed. R. Civ. P. 9(g) (special damages).

To this end, the Plaintiffs' Motion merely asks this Court to protect its own jurisdiction over Plaintiffs' First Amended Complaint from invasion by the Defendants' activities in the Superior Court, where the Defendants' seek to unilaterally discharge themselves from paying the Plaintiffs "just compensation." ECF No. 45 at 9–11 (citing Defendants' Superior Court filings). As such, the Plaintiffs' amendment to the Complaint removing the separate Count V for a declaratory judgment (which concerned prior requests for the Court to declare the Condemnation Order *ultra vires* and invalid), has no effect on Plaintiffs' Motion seeking relief to protect their own claims for "just compensation." *See also* ECF No. 1 (Compl.) ¶ 400.

**B. The All Writs Act provides this Court with the requisite authority to grant the Plaintiffs' Motion.**

The Plaintiffs already acknowledged the interplay between the Anti-Injunction Act and All Writs Act in their Motion and have addressed the reasons supporting the extraordinary remedy of relief under the All Writs Act under the present circumstances fully. ECF No. 45 at 14–42. The Plaintiffs are not attempting to circumvent the Anti-Injunction Act by asking for relief against the Defendants rather than the Associate Justice of the Superior Court, and the Plaintiffs have satisfied the standard under the All Writs Act warranting relief.

The Defendants' argument about the Plaintiffs not seeking equitable relief under their 42 U.S.C. § 1983 claim and attempt to distinguish *Mitchum* falls flat for the same reasons above. ECF No. 46 at 13–14. The prior requests for declaratory relief had nothing to do with the award of "Just Compensation" under 42 U.S.C. § 1983 as set forth in Count I of the First Amended Complaint, which also asks for "[a]ny other relief that the Court deems fair, equitable, and just." ECF No. 1 (Compl.) ¶ 400.

The Plaintiffs invocation of this Court's federal question jurisdiction through their claims under 42 U.S.C. § 1983 enables the Plaintiffs to utilize the procedural and remedial statutes and rules made available to them by Congress and the United States Supreme Court. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 378–79 (2012) ("Section 1331, our decisions indicate, is not swept away so easily. As stated earlier, *see supra*, at 747 – 748, when federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction under § 1331. That principle endures unless Congress divests federal courts of their § 1331 adjudicatory authority.").

The Plaintiffs certainly did not "abandon" their ability to seek a declaratory judgment, injunction, or writ under the All Writs Act to protect their claims within the jurisdiction of this Court. The Defendants do not set forth any substantive grounds for why an injunction, declaration, or other writ would not be appropriate to protect their claim under 42 U.S.C. § 1983 and the exception identified by *Mitchum*, which can be traced forward directly to *Knick*'s guarantee of a federal forum for Takings plaintiffs. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) ("And this Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights."); *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 185 (2019)

(overruling *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) because "the guarantee of a federal forum rings hollow for takings plaintiffs, who are forced to litigate their claims in state court").

Further, the Plaintiffs are not seeking a wholesale stay of the Superior Court proceedings, and their requests for relief are narrowly tailored to merely prevent the Defendants from seeking "preclusive" orders in the Superior Court to bar the Defendants from attempting to interfere with Plaintiffs' right to "just compensation" in this Court. *See, e.g.*, *Iantosca v. Step Plan Services, Inc.*, 604 F.3d 24, 32 (1st Cir. 2010) (explaining that "the injunction granted by the district court does not stay proceedings in the *Koresko* litigation, merely requiring that the insurers retain the funds until third party claims to them are resolved"). The Court should utilize its discretion to afford the Plaintiffs appropriate relief.[1]

---

[1] The Plaintiffs are obligated to inform the Court that one of the cases cited in Plaintiffs' Motion for Injunctive and Declaratory Relief for its persuasive value in the context of relitigating discovery orders was vacated and remanded by the First Circuit Court of Appeals on the same day that Plaintiffs filed their Motion on December 11, 2025, which had not been reflected in Westlaw at the time of finalizing and filing Plaintiffs' Motion. *See Orkin v. Albert*, 742 F. Supp. 3d 17, 24–25 (D. Mass. 2024), *vacated and remanded by Orkin v. Albert*, 2025 WL 3551859, at *16–17 (1st Cir. Dec. 11, 2025) (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). (holding "that the issue Orkin pursued in the Florida action was not actually decided by the district court's previous order and therefore does not properly fall under the Act's relitigation exception").

The Plaintiffs hereby notify the Court that they do not rely upon *Orkin v. Albert*, 742 F. Supp. 3d 17, 24–25 (D. Mass. 2024) for their Motion for Injunctive and Declaratory Relief, nor is such necessary. The Plaintiffs' analysis remains consistent with the First Circuit's holding in *Orkin*, as the Plaintiffs applied the appropriate standard in *Chick Kam Choo* for its relitigation analysis. ECF No. 45 at 42–48. Notably, the issue of the applicability of the Speech in Debate Clause **was** "actually decided" in the Memorandum and Order, as this Court determined federal law applies to the Defendants' Motion, and then merely included a paragraph on "comity" because of the then-pending Motion to Seal and for a Protective Order in the Superior Court at the time, which will no longer be decided by the Superior Court. The Plaintiffs have removed the Defendants' later-filed declaratory judgment complaint seeking to circumvent this Court's Memorandum and Order and intend to move for dismissal of that Complaint. *See* 1:25-cv-00676-MRD-AEM.

**C. The Court has not ruled on abstention, and the Defendants' attempt to place the burden of convincing this Court as to why it should not abstain as a prerequisite to obtaining injunctive relief is unwarranted.**

The remainder of Defendants' Objection consists of a series of abstention arguments. The Plaintiffs do not carry the burden of convincing this Court why it should not abstain; this burden belongs to the Defendants' alone, and it should be carried upon their own Motion that Plaintiffs are given an opportunity to respond to (if they are first able to avoid a default judgment). *See Forty Six Hundred LLC v. Cadence Education, LLC*, 15 F.4th 70, 74 (1st Cir. 2021) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)) ("The baseline rule, of course, is that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'"); *see also Forty Six Hundred LLC*, 15 F.4th at 74 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (noting the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them").

Regardless, the Plaintiffs are not seeking to enjoin any ongoing condemnation proceeding. The Plaintiffs' Property was already condemned on or around June 28, 2024, the direct condemnation of Plaintiffs' Property is over, and the Plaintiffs merely seek to preserve their established right to "just compensation" as set forth in the First Amended Complaint. ECF No. 34.

These facts render *Younger* and the cases cited by Defendants inapplicable. *Contra Duty Free Shop, Inc. v. Administration De Terrenos De Puerto Rico*, 889 F.2d 1181, 1182–84 (1st Cir. 1989) (affirming decision abstaining under *Younger* where property owner filed federal suit **after** it was made a defendant to an eminent domain action in state court **and had already answered and raised defenses** in state court challenging ability of Puerto Rico to "expropriate" its property); *Aaron v. Target Corp.*, 357 F.3d 768, 776–79 (8th Cir. 2004) (abstaining under *Younger* where property owners sought restraining order **to prevent the Redevelopment Authority from**

7

**proceeding with state eminent domain proceeding** before the Redevelopment Authority acquired title to the property).

Accordingly, the proceeding in the Superior Court more closely resembles the type of proceeding outside of *Younger* and subject to *(NOPSI) v. Council of City of New Orleans*, 491 U.S. 350 (1989), which "held that *Younger* abstention did not apply to this type of state proceeding, which was a mere 'state judicial proceeding reviewing legislative or executive action,' because '[s]uch a broad abstention requirement would make a mockery of the rule that only exceptional circumstances' justify abstention." *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 70–71 (1st Cir. 2005) (citing *NOPSI*, 491 U.S. at 368).

Had **the Plaintiffs** initiated adversarial proceedings in the Superior Court under R.I. Gen. Laws § 24-1-8 for an assessment of damages against the Town, and **then** filed a separate action in Federal Court for "just compensation," perhaps the analysis would be different. But the Plaintiffs did none of the sort here, and instead, they filed their claims for "just compensation" directly in Federal Court under *Knick* following the *ex parte* direct condemnation and transfer of title.

Moreover, the Defendants vastly overstate the effect of the Superior Court's limited jurisdiction on this Court's "strict duty" to act. *Forty Six Hundred LLC*, 15 F.4th at 74. The Superior Court's *in rem* jurisdiction is limited to the possession and control of the funds in the Superior Court's registry (the *res*), which constitute the Town's proffered deposit for the benefit of those entitled. *See* ECF No. 34 Exhibit 24 (Condemnation Order) ¶ 4 (entered June 28, 2024). The Superior Court acknowledged this in its prior Decision. *See* ECF No. 41-1 (Decision) (Licht, J.) (filed November 7, 2025) at 13 n.8 ("This Court has exclusive jurisdiction over the funds in its court registry.").

8

Clearly, the Superior Court lacks jurisdiction or authority to adjudicate "the owner's claim for compensation" that is before this Court. *Knick*, 588 U.S. at 190–91; *see also* Decision (Licht, J.) (filed November 7, 2025) at 14 n.9 (citing *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 197 (1959)) ("This Court does not intend for anything in this Decision to comment on the matters before the federal court.").

Well-established precedent explains why this Court's adjudication of the Plaintiffs' claims will not conflict with the jurisdiction of the Superior Court whatsoever. *Frank Mashuda Co.*, 360 U.S. at 192, 196–97 (explaining that "the fact that a case concerns a State's power of eminent domain no more justifies abstention than the fact that it involves any other issue related to sovereignty"); *Markham v. Allen*, 326 U.S. 490, 494 (1946) ("Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court."); *Commonwealth Trust Co. of Pittsburgh v. Bradford*, 297 U.S. 613, 618–20 (1936) (same); *Pufahl v. Parks' Estate*, 288 U.S. 217, 226–27 (1936) (same); *Madisonville Traction Co. v. St. Bernard Co.*, 196 U.S. 239, 243–56 (1905) (same and an eminent domain case holding that "[a] state cannot, by any statutory provisions, withdraw from the cognizance of the Federal courts a suit or judicial proceeding in which there is such a controversy.").

*Knick* logically extends these principles to guarantee the right of Takings plaintiffs to pursue "just compensation" in Federal Court free from coercive proceedings initiated by the Takings defendants in a state court. *Knick*, 588 U.S. at 191 ("The fact that the State has provided a property owner with a procedure that may subsequently result in just compensation cannot

deprive the owner of his Fifth Amendment right to compensation under the Constitution, leaving only the state law right.").

Finally, this Court should view Plaintiffs' cause of action under 42 U.S.C § 1983 and the Takings clause as a vested property right that requires protection from improper interference by the Defendants. *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 485 (1988) ("As we wrote in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982), this question 'was affirmatively settled by the *Mullane* case itself, where the Court held that a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause.").

Thus, failure to enjoin the Defendants from seeking a "preclusive" order in the Superior Court—over the Plaintiffs' expressed intent not to litigate any aspects of that claim in the Superior Court—may deprive the Plaintiffs of Due Process with respect to a fair adjudication of that claim in this Court. *See also Walker v. City of Hutchinson*, 352 U.S. 112, 117 (1956) ("There is nothing peculiar about litigation between the Government and its citizens that should deprive those citizens of a right to be heard. Nor is there any reason to suspect that it will interfere with the orderly condemnation of property to preserve effectively the citizen's rights to a hearing in connection with just compensation.").

**D. The Plaintiffs do not have the burden of convincing this Court that *Knick* applies to the First Amended Complaint, and the Defendants must raise these arguments through their own motion.**

Again, just like the Defendants' abstention arguments, this Court should not place the burden on the Plaintiffs to satisfy the Court that *Knick* applies to their claims (though it clearly does) where the First Amended Complaint has properly invoked its federal question jurisdiction under a federal statute, and no Motion to Dismiss on these grounds has even been heard. ECF No. 34; 42 U.S.C. § 1983; *Forty Six Hundred LLC*, 15 F.4th at 74.

Still, the Defendants' reading of *Knick* to exclude the claims in the First Amended Complaint or divest the Court of federal question jurisdiction is completely unsupported. Nothing in *Knick* renders its holding inapplicable to Plaintiffs' claim for "just compensation" in this Court, or excludes any "just compensation" claim that follows a direct condemnation proceeding.

In fact, *Knick* holds quite the opposite and directly addresses the type of bifurcated direct and inverse condemnation proceedings that are contemplated by Rhode Island law:

> Whether the government does nothing, forcing the owner to bring a takings suit under the Tucker Act, **or whether it provides the owner with a statutory compensation remedy by initiating direct condemnation proceedings**, **the owner's claim for compensation "rest[s] upon the Fifth Amendment**." Although *Jacobs* concerned a taking by the Federal Government, the same reasoning applies to takings by the States. **The availability of any particular compensation remedy, such as an inverse condemnation claim under state law, cannot infringe or restrict the property owner's federal constitutional claim**—just as the existence of a state action for battery does not bar a Fourth Amendment claim of excessive force. **The fact that the State has provided a property owner with a procedure that may subsequently result in just compensation cannot deprive the owner of his Fifth Amendment right to compensation under the Constitution, leaving only the state law right**. **And that is key because it is the existence of the Fifth Amendment right that allows the owner to proceed directly to federal court under § 1983**.

*Knick*, 588 U.S. at 190–91.

As for *Knick*'s holding, Chief Justice Roberts could not have been clearer: "The state-litigation requirement of *Williamson County* is overruled. A property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government." *Id.* at 206.

This Court cannot read the non-existent limitations that are professed by the Defendants into *Knick*'s unqualified holding that reversed decades of precedent. *Cf. Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct

11

application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). In fact, the First Circuit has read *Knick* expansively, even applying it in a context as distinct as bankruptcy proceedings. *In re Financial Oversight and Management Board*, 41 F.4th 29, 43 (1st Cir. 2022).

Further, the precedent cited by the Defendants suggesting otherwise involved removed cases from a state court where the property owner was the defendant who asserted counterclaims under 42 U.S.C. § 1983, attempting to create federal question jurisdiction where none appeared on the face of the complaint filed by the condemning authority. *See, e.g.*, *Providence City v. Thompson*, No. 1:19-CV-88, 2019 U.S. Dist. LEXIS 174536 (D. Utah Oct. 7, 2019) (cited by the Town in their December 8, 2025 Reply Memorandum) (remanding case to a Utah state court after attempted removal by eminent domain defendant, reasoning that "[u]nlike *Knick*, there is no takings plaintiff in this action"). Clearly, this caselaw is readily distinguishable, as there is a "takings plaintiff in this action." *Id.* Moreover, the Plaintiffs question the consistency of this non-binding precedent with Supreme Court precedent, considering eminent domain actions have long been removable by Takings defendants where there exists a basis for federal jurisdiction. *Madisonville Traction Co.*, 196 U.S. at 246, 252–56 (diversity). However, this Court need not reach this issue given the cases cited by the Plaintiffs are distinguishable from the case at bar.

In sum, the Plaintiffs are property owners who suffered a taking of their property without just compensation by a local government and they have brought their claims for "just compensation" under 42 U.S.C. § 1983 in this Court directly. ECF No. 34. Therefore, *Knick* applies.

Contrary to the Defendants, it is the Defendants who have engaged in a "tactical gambit [that] is legally unsupported, transparently opportunistic, and ha[ve] needlessly multiplied the proceedings in a manner that § 1927 was designed to deter." ECF No. 46 at 29. For now, the Plaintiffs will "keep their powder dry," *Id.* at 30, and the Plaintiffs will request their fees from this Court under 42 U.S.C. § 1988 after they prevail in vindicating their constitutional rights.

For the foregoing reasons, the Court should **<u>GRANT</u>** the Plaintiffs' Motion for Injunctive and Declaratory Relief and **<u>ISSUE</u>** an Order affording the relief requested therein.[2]

*Respectfully submitted*,

**SOSCIA HOLDINGS, LLC;
STRUCTURES AT JOHNSON'S POND, LLC;
BOATING AT JOHNSON'S POND, LLC;
WATERFRONT AT JOHNSON'S POND, LLC;
COMMON AREA AT JOHNSON'S POND,
LLC; and LAND AT JOHNSON'S POND, LLC**

*By their attorneys,*

/s/ *Michael A. Kelly*
Michael A. Kelly, Esq. (#2116)
Scott D. Levesque, Esq. (#5654)
Gregory S. Estabrooks, Esq. (#10713)
**KSPR LAW, P.C.**
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel. (401) 490-7334
mkelly@ksprlaw.com

---

[2] There have been developments since the Plaintiffs' Motion was filed that may alter some of the relief requested. For example, the Plaintiffs have removed the Defendants' declaratory judgment action concerning the Executive Session Minutes to this Court. *See* 1:25-cv-00676-MRD-AEM. The Court may use its sound discretion to determine the scope of appropriate relief necessary to protect the Plaintiffs' claims and this Court's jurisdiction from interference by the Defendants.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on December 23, 2025, a copy of the foregoing *Reply Memorandum* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

John Tarantino, Esq., Nicole Benjamin, Esq. and Lucas Spremulli, Esq.
Adler Pollock & Sheehan, P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
jtarantino@apslaw.com
nbenjamin@apslaw.com
lspremulli@apslaw.com

J. Richard Ratcliffe, Esq.
Ratcliffe Harten Galamaga, LLP
40 Westminster Street, 7th Floor
Providence, RI 02903
rratcliffe@rhgllp.com

Michael T. Eskey, Esq. & Jennifer Sylvia, Esq.
Moses Ryan, Ltd.
40 Westminster Street, 9th Floor
Providence, RI 02903
teskey@marlawri.com
jsylvia@marlawri.com

Marc DeSisto, Esq. & Kathleen Daniels, Esq.
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
marc@desistolaw.com
kathleen@desistolaw.com

*/s/ Michael A. Kelly, Esq.*
Michael A. Kelly, Esq. (#2116)
**KSPR Law, P.C.**

14