# Exhibit 3

**Benjamin, Nicole**

---

| | |
|---|---|
| **From:** | Rachel Magers <rmagers@ksprlaw.com> |
| **Sent:** | Wednesday, December 17, 2025 9:02 AM |
| **To:** | Licht, Richard; Moreau, Brittany |
| **Cc:** | Michael Kelly; Scott Levesque; Gregory Estabrooks; Benjamin, Nicole; Tarantino, John; Tim Eskey; Stephen Angell |
| **Subject:** | KM-2024-0578 In Re Town of Coventry Notice of Withdrawal |
| **Attachments:** | 2025.12.17 Notice of Withdrawal of Property Owners Special Appearance by Counsel.pdf; 2025.12.17 Ltr to Judge Licht re Notice of Withdrawal.pdf |
| **Importance:** | High |

<div style="background:#FBE4B7;text-align:center"><span style="background:#C0392B;color:#fff">**EXTERNAL EMAIL – USE CAUTION WITH LINKS AND ATTACHMENTS**</span></div>

Judge Licht:

Please see attached regarding the above referenced matter.  A hard copy is being delivered to Courtroom 8 at the Licht Judicial Complex as well.

## Rachel Magers
*Paralegal / Assistant to Michael A. Kelly, Esq.*
Kelly, Souza, Parmenter & Resnick, PC
128 Dorrance Street, Suite 300
Providence, RI  02903
Main: (401) 490-7334 x 118
Direct: (401) 432-6498
Fax: (401) 490-7874
rmagers@ksprlaw.com



**\*Please visit our new website at www.ksprlaw.com.**

This e-mail message is subject to attorney-client privilege and contains information intended only for the person(s) named above.  If you receive this transmission in error, please notify us immediately.  Destroy the original message and all copies.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**STATE OF RHODE ISLAND**                                  **SUPERIOR COURT**
**KENT, SC.**

---

**IN RE TOWN OF COVENTRY,**                  :
           *Petitioner*                     :              **C.A. No. KM-2024-0578**
                                         :

---

## NOTICE OF WITHDRAWAL OF SPECIAL ENTRY OF APPEARANCE BY COUNSEL

**PLEASE TAKE NOTICE** that Michael A. Kelly, Esq., Scott D. Levesque, Esq., and Gregory S. Estabrooks, Esq. of KSPR Law, PC ("Counsel") hereby withdraw their special entries of appearance in this matter on behalf of Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC (the "Property Owners"), which has been limited solely to contesting the jurisdiction of this Court to hear or grant the relief requested by the Town's Motion for Entry of Judgment or Alternatively, Assignment for Trial (the "Town's Motion").

Notably, the Town's Motion was filed 45 days after the Property Owners filed their Complaint in the United States District Court for the District of Rhode Island in *Soscia Holdings, LLC et al v. Town of Coventry et al.*, 1:25-cv-00274-MRD-AEM. *See* PACER, ECF No. 1 (Compl.) (filed June 13, 2025). That Complaint, as amended by the First Amended Complaint, brought claims for "just compensation" under the Takings Clause, 42 U.S.C. § 1983, and a supplemental State law claim under R.I. Gen. Laws § 24-1-8. PACER, ECF No. 34 (First Am. Compl.) (filed August 29, 2025).

Counsel on behalf of the Property Owners restate for the record that the non-party Property Owners have not (1) intervened in these proceedings, (2) been joined as a party to these proceedings, or (3) asserted any claim whatsoever in these proceedings. *See* Docket.

Counsel's participation on behalf of the Property Owners has been limited to objecting to filings by the Town of Coventry (the "Town") through their special appearance, objecting to this Court's jurisdiction and exercise thereof with respect to the Town's Motion. *See* Docket (Special Entry of Appearance by Counsel) (filed August 8, 2025); *Id.* (The Property Owners' Restated Special Entry of Appearance by Counsel) (filed November 20, 2025); *see also Guertin v. Guertin*, 870 A.2d 1011, 1020–22 (R.I. 2005). Counsel have contested the jurisdiction of this Court to take any action purporting to interfere with the legal rights of the Property Owners, including those rights and claims previously asserted by the Property Owners in Federal Court.

As the Property Owners have explained, this Court's *in rem* jurisdiction is limited to the possession and control of the funds in the Superior Court's registry (the *res*), which constitute the Town's deposit of "estimated just compensation" for the Taking. *See* Docket (Condemnation Order) (entered June 28, 2024). Clearly, the Court lacks jurisdiction or authority to adjudicate the *in personam* claims of the Property Owners to "just compensation," which are currently in Federal Court and have never been presented to the Superior Court for adjudication. *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 196–97 (1959); *Markham v. Allen*, 326 U.S. 490, 494 (1946); *Commonwealth Trust Co. of Pittsburgh v. Bradford*, 297 U.S. 613, 618–20 (1936).

The rights and claims of the Property Owners are within the federal jurisdiction of the United District Court for the District of Rhode Island, where the Property Owners are the Plaintiffs in a forum guaranteed to them under 42 U.S.C. § 1983. *See Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 185 (2019) ("The Civil Rights Act of 1871, after all, **guarantees** 'a federal forum for claims of unconstitutional treatment at the hands of state officials,' and the settled rule is that 'exhaustion of state remedies 'is not a prerequisite to an action under [42 U.S.C.] § 1983.'"). This Court appears to have already recognized this in its Decision of November 7, 2025,

which determined the narrow issue of whether the Superior Court has subject-matter jurisdiction to "hear" the Town's Motion for Entry of Judgment or Alternatively, Assignment for Trial under Rhode Island statutes. *See* Decision (Licht, J.) (filed November 7, 2025) at 14 n.9 ("**This Court does not intend for anything in this Decision to comment on the matters before the federal court**.") (emphasis added).

Through its prior Decision, the Court did not determine whether the exercise of its jurisdiction to act upon the upon the Town's Motion, which seeks a discharge of all liability for the Taking, is within its authority. *Id.* (citing *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 197 (1959)). Accordingly, Counsel for the Property Owners proceeded with briefing on this Court's exercise of jurisdiction out of respect for this Court's Order. *See* Order (Licht, J.) ¶ 2 (entered November 25, 2025) ("Counsel shall confer and submit a scheduling order for briefing the Town's motion.").

Again, the Property Owners have not submitted any claims or issues in the First Amended Complaint in 1:25-cv-00274-MRD-AEM for an adjudication by this Court in this proceeding, where they are not a party. *See* Docket.

The Property Owners' claims for "just compensation" under 42 U.S.C. § 1983 and the Takings Clause of the United States Constitution belong to the jurisdiction of the Federal Court and cannot be interfered with by this Court, despite the Town's efforts:

> Whether the government does nothing, forcing the owner to bring a takings suit under the Tucker Act, or whether it provides the owner with a statutory compensation remedy by initiating direct condemnation proceedings, the owner's claim for compensation "rest[s] upon the Fifth Amendment." Although *Jacobs* concerned a taking by the Federal Government, the same reasoning applies to takings by the States. **The availability of any particular compensation remedy**, such as an inverse condemnation claim under state law, **cannot infringe or restrict the property owner's federal constitutional claim**—just as the existence of a state action

3

for battery does not bar a Fourth Amendment claim of excessive force. The fact that the State has provided a property owner with a procedure that may subsequently result in just compensation cannot deprive the owner of his Fifth Amendment right to compensation under the Constitution, leaving only the state law right. And that is key because it is the existence of the Fifth Amendment right that allows the owner to proceed directly to federal court under § 1983.

*Knick*, 588 U.S. at 190–91.

To be clear, the Property Owners' references to *Knick* and federal law have been limited to informing the Court of how it would act in excess of its jurisdiction and usurp the jurisdiction of the Federal Court by granting the relief requested by the Town. Through their filings, the Property Owners have merely argued for an interpretation of this Court's jurisdiction that protects the authority of the Federal Court to adjudicate the claims before it, and in such a way that does not purport to violate the Property Owners' rights to "just compensation" under federal law. *See also Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016) ("States may not disregard a controlling, constitutional command in their own courts."); *In re Financial Oversight and Management Board*, 41 F.4th 29, 43 (1st Cir. 2022) ("We decline to read *Knick* as changing the Fifth Amendment right to receive just compensation into a mere monetary obligation that may be dispensed with by statute.").

Likewise, the Property Owners' supplemental claim for an assessment of damages under R.I. Gen. Laws § 24-1-8 is not before this Court. *See* Docket. Just as the Property Owners' claim for "just compensation" under 42 U.S.C. § 1983 and the United States Constitution is not before the Court, the Property Owners' claim for an assessment of damages under § 24-1-8 is also within the sole jurisdiction of the Federal Court. *See* PACER, 1:25-cv-00274-MRD-AEM, ECF No. 34 (First Amended Complaint – Count V). This Court cannot make any determination as to the viability of that supplemental claim in the First Amended Complaint under 28 U.S.C. § 1367, or

4

as to whether the Federal Court would toll that claim in the hypothetical (and unlikely) event that it is dismissed by the Federal Court. 28 U.S.C. § 1367(d). The Property Owners have made clear that these issues are not before the Superior Court.

Still, the Property Owners maintain their position that the Court would exceed its jurisdiction—even under the plain reading of R.I. Gen. Laws § 24-1-13—if it purported to "discharge the Town from all liability in connection with the taking," as the Property Owners have clearly "claimed" their interest in the United States District Court for the District of Rhode Island. ECF No. 34. Section 24-1-13 does not allow for the discharge of claimed interests.

Finally, the Property Owners have explained that this Court cannot render itself the exclusive forum for Takings plaintiffs, *Knick*, 588 U.S. at 190–91, or even for State law remedies available to property owners suffering a Taking at the hands of the government. *289 Kilvert, LLC v. SBC Tower Holdings LLC*, 133 F.4th 1, 6–7 (1st Cir. 2025); *Emigrant Mortgage Co. v. Bourke*, 127 F.4th 385, 389–90 (1st Cir. 2025). The Town has cited no case to the contrary. *See, e.g.*, *Providence City v. Thompson*, No. 1:19-CV-88, 2019 U.S. Dist. LEXIS 174536 (D. Utah Oct. 7, 2019) (cited by the Town in their December 8, 2025 Reply Memorandum) (remanding case to a Utah state court after attempted removal by eminent domain defendant, reasoning that "[u]nlike *Knick*, there is no takings plaintiff in this action").

In fact, consistent with *Knick*, the Rhode Island Supreme Court has recognized that federal rights cannot be infringed upon by State courts. *L.A. Ray Realty v. Town Council of Town of Cumberland*, 698 A.2d 202, 214 (R.I. 1997) ("Moreover, state law requirements may not be applied if their application would contravene the purpose of a federal law or policy, or if different outcomes would result depending on whether 42 U.S.C. § 1983 claims were brought in federal or state court, thereby thwarting the federal interest in uniformity. *See Felder v. Casey*, 487 U.S. 131,

5

138, 153, 108 S.Ct. 2302, 2306–07, 2314, 101 L.Ed.2d 123, 138, 147 (1988) (state's notice-of-claim statute could not be applied to defeat a federal civil rights action brought in state court under 42 U.S.C. § 1983.").

With these parting words, and with the highest degree of respect for this Court, Counsel on behalf of the non-party Property Owners have determined to cease their limited participation in this proceeding, as they have placed their jurisdictional objections on the record in full. *See* Docket. The Property Owners' Special Appearance by Counsel in the Superior Court hereby concludes.

The Property Owners maintain their jurisdictional objections for the record through their Counsel, and they state that there is no order or judgment that this Court can issue on the Town's Motion that can infringe upon or restrict the Property Owners' claims in their First Amended Complaint in Federal Court. Any order or judgment purporting to do such would be null and void for lack of jurisdiction, excess of jurisdiction, or a plain usurpation of power.[1]

---

[1] As the Plaintiffs in Federal Court, the Property Owners filed a Motion for Injunctive and Declaratory Relief against the Town and other Defendants on December 11, 2025. They informed this Court of that pending Motion and filed a Request for Continuance in this Court on December 12, 2025, seeking a resolution of these issues and relief from the Federal Court before this Court's scheduled hearing on the Town's Motion for Entry of Judgment or Alternatively, Assignment for Trial on December 17, 2025. *See* Docket (Request for Continuance of Hearing). However, the Plaintiffs have been unable to obtain a hearing date on their Motion for Injunctive and Declaratory Relief from the Federal Court before this Court's scheduled hearing, and this Court has elected not to continue the scheduled hearing on December 17, 2025 in advance. Therefore, the Property Owners have determined that it is in their best interest to withdraw their special appearance and cease their limited participation in these proceedings through their Counsel at this time.

This Notice of Withdrawal of Special Entry of Appearance by Counsel shall not be construed as a waiver of any rights or remedies held by the Property Owners, and the Property Owners expressly reserve all rights and remedies.

*Respectfully submitted,*

**SOSCIA HOLDINGS, LLC;**
**STRUCTURES AT JOHNSON'S POND, LLC;**
**BOATING AT JOHNSON'S POND, LLC;**
**WATERFRONT AT JOHNSON'S POND, LLC;**
**COMMON AREA AT JOHNSON'S POND, LLC; and LAND AT JOHNSON'S POND, LLC**

*By and through their attorneys*,

/s/ *Michael A. Kelly*
Michael A. Kelly, Esq. (#2116)
Scott D. Levesque, Esq. (#5654)
Gregory S. Estabrooks, Esq. (#10713)
**KSPR LAW, P.C.**
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel. (401) 490-7334
mkelly@ksprlaw.com

Dated: December 17, 2025

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 17, 2025, I filed and served the within *Notice of Withdrawal of Property Owners' Special Entry of Appearance by Counsel* through the Rhode Island Judiciary's Electronic Filing System on all counsel of record.

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ *Rachel Magers*
Paralegal
**KSPR LAW, P.C.**

7



KELLY, SOUZA, PARMENTER & RESNICK, PC

*think* TENACIOUS

Michael A. Kelly, Esq.
mkelly@ksprlaw.com

December 17, 2025

Judge Richard Licht
Superior Court of Rhode Island
250 Benefit Street
Providence, RI 02903
rlicht@courts.ri.gov

**Re: Town of Coventry | Case No.: KM-2024-0578**

Dear Judge Licht,

Please find enclosed a copy of our Notice of Withdrawal of Special Appearance to Contest Jurisdiction. We filed this earlier this morning. I apologize for the lateness of this filing, but the decision was just reached by us with our client, of course, last evening.  We regret any inconvenience that this may have caused for the Court or the other parties.

The reason for our withdrawal as been previously set forth extensively in our Memorandum and are referenced in the Notice of Withdrawal.

As a result of this Notice of Withdrawal we will not be attending the hearing this morning.

We thank you in advance for your consideration.

Sincerely,

Michael A. Kelly, Esq.
Enclosure