# Exhibit 4



*Michael A. Kelly, Esq.*
*mkelly@ksprlaw.com*

January 8, 2026

**<u>VIA EMAIL</u>**
Associate Justice Richard A. Licht
Superior Court of Rhode Island
250 Benefit Street
Providence, RI 02903
rlicht@courts.ri.gov

> *Re: In re Town of Coventry | Case No.: KM-2024-0578*

Your Honor:

After Counsel filed their Notice of Withdrawal of Special Appearance by Counsel on behalf of the non-party Property Owners on December 17, 2025, the Court suggested that Counsel required the Court's permission to withdraw from the proceeding, and that attendance at the hearing on December 17, 2025 was required.

Counsel is writing to reaffirm their position that permission to withdraw under the circumstances was not required (as the Court itself acknowledged, off-the-record, during the hearing). We once again renew our Notice of Withdrawal of Special Entry of Appearance by Counsel.

Of note, we believe that Rule 1.5 of the Superior Court Rules of Practice does not require an attorney, who appears specially on behalf of a non-party to contest jurisdiction in an *in rem* proceeding, to obtain permission from the Court to withdraw their special appearance and cease their limited participation. *See* Super. R. Prac. 1.5. A reading of Rule 1.5(a) in its entirety indicates that it applies to attorneys who have entered a case on behalf of a party, thereby requiring approval of the Court to withdraw in light of the attorney-client relationship. *Contra, e.g.*, *Farkas v. Sadler*, 375 A.2d 960, 962–63 (R.I. 1977) (explaining grounds for denying leave to withdraw, with reference to inability of client to go forward with trial until obtaining substitute counsel).

As you know, our clients are not parties to the proceeding. We have made that clear on many occasions. We seek to have our clients' claims heard by the United States District Court for the District of Rhode Island alone (and this Court has taken judicial notice of the pendency of those claims in Federal Court).

**2 | P a g e**

Finally, the Court proposed the concept of conducting a "joint trial" in regard to KM-2024-0578, currently before this Court, and 1:25-cv-00274, currently before the United States District Court for the District of Rhode Island and invited briefing on the issue. Counsel on behalf of the non-party Property Owners, who have withdrawn from the proceeding, have no comment on the Court's proposal.

For the Plaintiffs' filings in Federal Court addressing the topic of "joint trials," the Court may refer to the Plaintiffs' Motion for a Pre-Trial Conference & Issuance of a Scheduling Order Under Federal Rule of Civil Procedure 16 filed in the United States District Court for the District of Rhode Island on December 26, 2025. *See* Docket, 1:25-cv-00274, ECF No. 48.

We appreciate your understanding of our clients' position and the Court's efforts in this matter.

Sincerely,

Michael A Kelly