# Exhibit 5

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 1/27/2026 8:08 AM
Envelope: 5496887
Reviewer: Danielle K.

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**KENT, SC.**


**IN RE TOWN OF COVENTRY**        **:**            **Case No.: KM-2024-0578**
                *Petitioner*                 **:**

### PETITIONER THE TOWN OF COVENTRY'S COMMENT ON THE COURT'S CONSIDERATION OF JOINT STATE AND FEDERAL COURT PROCEEDINGS

At the Court's direction, Petitioner, the Town of Coventry (the "Town"), hereby submits the within comment on the Court's consideration of joint state and federal court proceedings in this matter. As set forth more fully herein, because the Former Property Owners have informed this Court that they will not be participating in this proceeding, the Town respectfully requests that the Court schedule a hearing on the Town's Motion for Entry of Final Judgment or, Alternatively, for Trial (the "Town's Motion").

### BACKGROUND

The Town's Motion was scheduled for hearing before this Court on December 17, 2025, at 9:30 a.m. At approximately 9 a.m. that day, the Court and counsel for the Town received an email from counsel for the Former Property Owners attaching a Notice of Withdrawal of Special Entry of Appearance by Counsel purporting to withdraw their special appearance in this case and informing the Court that they would be ceasing their limited participation in these proceedings ("December 17, 2025 Email"). **Ex. 1.** At the same time, the Former Property Owners' counsel sent a letter to the Court advising that, as a result of the notice of withdrawal, "we will not be attending the hearing this morning." *Id.*

Upon receipt of the December 17, 2025 Email, the Court contacted the Former Property Owners' counsel and requested that they appear in court. With counsel for both the Town and the

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 1/27/2026 8:08 AM
Envelope: 5496887
Reviewer: Danielle K.

Former Property Owners' present, the Court expressed reservation as to whether Rule 1.5 of the Superior Court Rules of Practice permitted counsel to withdraw without court approval.[1]

Without deciding that question or whether the Former Property Owners had submitted to the jurisdiction of the Court by taking actions that went beyond their counsel's special appearance, this Court continued the hearing on this Motion and raised with the parties its consideration of a joint proceeding which would include this state court action and the federal court action captioned *Soscia Holdings, LLC v. Town of Coventry*, No. 1:25-cv-274-MRD-AEM.  The Court requested that the parties report back in writing with their respective position on a joint state and federal court proceeding in these circumstances.

Thereafter, on January 8, 2026, the Former Property Owners' counsel wrote to the Court to "reaffirm their position that permission to withdraw under the circumstances was not required." ("January 8, 2026 Letter").  **Ex. 2**.  In the January 8, 2026 Letter, the Former Property Owners' counsel suggested that this Court had "acknowledged, off-the-record, during the hearing" that the Former Property Owners' counsel did not need permission to withdraw.  *Id*.  The Town disputes that the Court made any such acknowledgement.

In response to the Court's request for comment on its consideration of joint state and federal court proceedings, the Former Property Owners' January 8, 2026 Letter states:  "Counsel on behalf of the non-party Property Owners, who have withdrawn from the proceeding, have no comment on the Court's proposal."  *Id*. at 2.  However, the Former Property Owners called to the Court's attention their filings in the United States District Court for the District of Rhode Island addressing their position on joint trial. *Id*.

---

[1]    The Town has ordered the transcript of the December 17, 2025 hearing but has not yet received that transcript.

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 1/27/2026 8:08 AM
Envelope: 5496887
Reviewer: Danielle K.

Case 1:25-cv-00274-MRD-AEM    Document 51-5    Filed 02/05/26    Page 4 of 7 PageID #: 2316

In their Motion for a Pre-Trial Conference and Issuance of a Scheduling Order Under Federal Rule of Civil Procedure 16 in the District of Rhode Island, the Former Property Owners reiterated their position, stating: "The Property Owners repeatedly made clear to the Superior Court that they would not be adjudicating their claims in that forum." **Ex. 3** at 4 n.1. The Former Property Owners elaborated:

> Despite the Superior Court's discussions concerning a joint trial, which took the Plaintiffs by complete surprise, as they have vehemently resisted litigating their claims in State Court, Associate Justice Licht mentioned one or two other instances where joint trials were held with the Federal and State Courts. Plaintiffs' understanding is that these joint trials were done by consent. The Plaintiffs have been unable to uncover any procedure for the commission of a joint trial between Federal and State Courts.

*Id*. at 6-7. The Former Property Owners concluded: "With all due respect, the Plaintiffs do not believe that there should be any communications between the Federal and State Courts concerning the substantive rights and claims pending in either Court without counsel present." *Id*. at 7.

It is abundantly clear from the Former Property Owners' communications with this Court and their federal court filings that they have no intention of participating in any proceeding before this Court. That position eliminates any basis for the Town to comment on the Court's proposal since a joint state–federal proceeding cannot proceed without the Former Property Owners. The Town appreciates the Court's effort to identify a path forward that would avoid the legal questions presented by the Town's Motion in this Court and the Town's Motion to Dismiss and/or Abstain in federal court but because the Former Property Owners steadfastly refuse to participate in proceedings before this Court, a joint state and federal court proceeding is not possible.

Should the Former Property Owners choose to participate, the Town expressly reserves—and does not waive—its right to comment further on any proposed joint federal and state court proceeding. Even assuming such a proceeding were procedurally feasible, the Town has

3

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 1/27/2026 8:08 AM
Envelope: 5496887
Reviewer: Danielle K.

significant concerns regarding the overlapping relief sought in this Court and that pursued by the Former Property Owners in federal court, particularly where there are established abstention doctrines governing the proper allocation of jurisdiction between federal and state courts in cases presenting overlapping claims for relief.  The Town further questions the procedural integrity and appellate recourse that would attend any such joint proceeding, among other substantial issues.  Those concerns, however, are not ripe when the Former Property Owners refuse to participate at all.

The Town respectfully requests that this Court proceed with hearing its Motion and enter final judgment as requested therein.  Meanwhile, the federal court has set a deadline of February 5, 2026 for the Town and other defendants to respond to the Former Property Owners' First Amended Complaint, which response will include a motion requesting that the federal court dismiss that complaint or abstain until this Court enters final judgment.

Finally, as the Court is aware, certain current and former Town councilpersons and officials filed a declaratory judgment action in this Court seeking a declaration under the Rhode Island Uniform Declaratory Judgment Act concerning the protections afforded by the Speech-in-Debate clause of the Rhode Island Constitution.  *See Lima, et al. v. Soscia Holdings, LLC, et al.*, No. KC-2025-1352.  The Former Property Owners purported to remove that state court action to federal court.  The Town councilpersons and officials have filed a motion to remand that action to this Court and briefing on that motion is ongoing in the federal court.  Assuming the federal court remands that state court action to this Court, the Town councilpersons and officials respectfully request that this Court proceed forthwith in adjudicating that matter as well.

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 1/27/2026 8:08 AM
Envelope: 5496887
Reviewer: Danielle K.

## **CONCLUSION**

For the foregoing reasons, the Town respectfully requests that the Court schedule a hearing

on its Motion at the Court's earliest convenience.

**PETITIONER,**

**TOWN OF COVENTRY,**

**By its attorneys,**

*/s/ John A. Tarantino*
/s/*Nicole J. Benjamin*
John A. Tarantino, Esq. (#2586)
Nicole J. Benjamin, Esq. (#7540)
ADLER POLLOCK & SHEEHAN, P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
(401) 427-6262
jtarantino@apslaw.com
nbenjamin@apslaw.com

/s/*Michael T. Eskey*
Michael T. Eskey (#3035)
**Moses Ryan Ltd.**
40 Westminster Street, 9th Floor
Providence, Rhode Island 02903
(401) 453-3600
(401) 433-7834 (direct line)
**teskey@marlawri.com**

Date: January 27, 2026

5

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 1/27/2026 8:08 AM
Envelope: 5496887
Reviewer: Danielle K.

Case 1:25-cv-00274-MRD-AEM     Document 51-5     Filed 02/05/26     Page 7 of 7 PageID #: 2319

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026:

√   I electronically served this document through the electronic filing system on the following:

Michael A. Kelly, Esq.
Scott D. Levesque, Esq.
Gregory S. Estabrooks, Esq.
KSPR Law, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Nicole J. Benjamin*

6