# Exhibit 11

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

**HEARING DATE: September 2, 2025 at 9:30 a.m. (Licht, J.)**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | | SUPERIOR COURT |
| KENT, SC. | | |

| | | |
|---|---|---|
| IN RE TOWN OF COVENTRY | : | Case No.: KM-2024-0578 |
| *Petitioner* | : | |

### PETITIONER'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT OR, ALTERNATIVELY, ASSIGNMENT FOR TRIAL

This is the next and, hopefully, final chapter in the Town of Coventry's condemnation of property consisting of the Flat River Reservoir (commonly known as Johnson's Pond), its dam, associated water rights, and an area of undeveloped, open-space land downstream of the Pond and dam ("Acquired Property").

On June 28, 2024, the Court entered an order approving the Town's deposit of $157,000 in the registry of the court as estimated just compensation for the Town's condemnation and taking of the Acquired Property ("Condemnation Order"). That same day, the Town deposited $157,000 in the registry of the court as compensation for the Acquired Property. As made expressly clear in the Condemnation Order, those events (the entry of the Court's order and the Town's registry deposit) vested title to the Acquired Property in fee simple absolute in the Town, the Acquired Property was deemed condemned and taken for the use of the Town, and the right to just compensation for the Acquired Property vested in the persons entitled thereto.

The former owners of and persons interested in the Acquired Property (Soscia Holdings, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, Structures at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC – collectively, "Soscia") were duly served with statutory notice of the condemnation and their attorneys, who were present at the hearing preceding the Court's entry of the Condemnation Order, were provided with – but declined – an opportunity to be heard.

1

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

The Town's deposit of estimated just compensation in the registry of the court started a one-year clock within which Soscia – to the extent it elected to challenge the condemnation – had a right to petition the Court, identify its interest in the Acquired Property, and request an assessment of damages. *See,* R.I. GEN. LAWS § 24-1-8. Soscia did not petition for an assessment of damages within the one-year limit provided by § 24-1-8. Instead, Soscia has attempted an end-run around this Court by filing a multipronged attack on the condemnation – naming numerous Town officials individually (including the Town's solicitor and even councilmembers who were not serving at the time of the taking) – in the Rhode Island federal district court.

Soscia's failure to initiate proceedings in the Superior Court challenging the taking and the compensation paid by the Town within the one-year time period to challenge the taking under § 24-1-8 likely forfeits and forever forecloses any right, claim, or action that it had to file a petition in the Superior Court challenging the taking and the compensation paid by the Town. Notwithstanding, Soscia's election to disregard § 24-1-8's one-year clock clearly does not obviate the Town's right to a final judicial disposition (*i.e.,* judgment) in this Court on the condemnation. *See,* R.I. GEN. LAWS § 24-1-1, 3, 8, 9, 13. Given Soscia's failure timely to exercise its rights under § 24-1-8 to challenge the condemnation and compensation paid, there are two paths under the governing statute (R.I. GEN. LAWS § 24-1-1 *et seq.*) and Court rules for proceeding to final judgment on the condemnation.

First, the evidence that the Town presented in support of its Statement of Sum of Estimated Just Compensation for Property Taken and Request for an Order Approving the Deposit in the Court's Registry (in particular, the affidavit and appraisal report of Thomas S. Andolfo, MAI, SRA, AI-GRS) supports a determination that the value of the condemned property is $157,000. Because the Town has already deposited that amount in the registry of the

2

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

court, the Court has authority and discretion pursuant to the governing statute, R.I. GEN. LAWS § 24-1-1 *et seq.* and SUPER. CT. R. CIV. P. 58(2) to enter a final judgment determining that $157,000 is the value of the condemned property to be paid to Soscia and discharging the Town from all liability in connection with the taking.

Second, alternatively, to the extent the Court considers that additional evidence is necessary, the Court has authority and discretion pursuant to R.I. GEN. LAWS § 24-1-9 and SUPER. CT. R. CIV. P. 40(2) to issue an order assigning the case for trial to determine damages.

For these reasons, the Town of Coventry respectfully requests that the Court grant its motion and either enter judgment for the Town or enter an order assigning the case for trial.

PETITIONER,

TOWN OF COVENTRY,

By its attorneys,

/s/*Michael T. Eskey*
Michael T. Eskey (#3035)
**Moses Ryan Ltd.**
40 Westminster Street, 9th Floor
Providence, Rhode Island 02903
(401) 453-3600
(401) 433-7834 (direct line)
**teskey@marlawri.com**

Stephen J. Angell, Esq. #6132
**Angell Law, LLC**
56 Pine Street, Suite 200
Providence, Rhode Island 02903
Direct Dial:    401.258.3440
Email: stephen@angell.law
*Town Solicitor*

**Date: July 28, 2025**

3

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

Case 1:25-cv-00274-MRD-AEM     Document 51-11     Filed 02/05/26     Page 5 of 5 PageID
#: 2389

## CERTIFICATION

I hereby certify that on the 28th day of July 2025, I filed and served the foregoing document through the electronic filing system on counsel for all parties designated to receive service. Additionally, the undersigned caused copies of the foregoing document to be delivered by certified mail (return receipt requested) or email attachment to:

Richard E. Fleury, Esq.
33 College Hill Road, Bldg. 20
Warwick, RI 02886
*Registered Agent for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC*

Michael A. Kelly, Esq.
Scott D. Levesque, Esq.
Gregory S. Estabrooks, Esq.
KSPR LAW, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
mkelly@ksprlaw.com
*Counsel of Record for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC* (*Soscia Holdings, LLC et al. v. Town of Coventry, et al.,* D.R.I. Case No. 1:25-cv-00274-MRD-AEM)

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/*Michael T. Eskey*

4