# Exhibit 15



# M | R

M O S E S   R Y A N   L T D

attorneys

**_Michael "Tim" Eskey_**
_teskey@marlawri.com_

July 29, 2025

**_By Certified Mail (#9589 0710 5270 2449 8893 97)_**

Richard E. Fleury, Esq.
33 College Hill Road, Bldg. 20
Warwick, RI 02886

**_Re:_**     **_Documents delivered to you as Registered Agent for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC._**

Dear Attorney Fleury:

The following documents pertain to the matter _In re Town of Coventry_, Kent County Superior Court Case No. KM-2024-0578 (Licht, J.) and are enclosed and delivered to you as Registered Agent for provision to Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC.

1. Motion for Entry of Judgment or, Alternatively, Assignment to Trial
2. Petitioner's Memorandum in Support of Motion for Entry of Judgment or, Alternatively, Assignment to Trial
3. Omnibus Form (with notice of 9/2/25 hearing date).

Thank you.

Very truly yours,

Michael T. Eskey



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard E. Fleury, Esq.
33 College Hill Road, Bldg. 20
Warwick, RI 02886

9590 9402 9481 5069 3877 98

2. Article Number *(Transfer from service label)*

9589 0710 5270 2449 8893 97

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Janet Birch*    ☐ Agent   ☐ Address

B. Received by *(Printed Name)*   C. Date of Delivery
*Janet Birch*    7/3/25

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$
Tot
$
Ser
Str

JUL 29 2025
Postmark
Here
PROVIDENCE, R.I.

Richard E. Fleury, Esq.
33 College Hill Road, Bldg. 20
Warwick, RI 02886

9589 0710 5270 2449 8893 97

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

**HEARING DATE: September 2, 2025 at 9:30 a.m. (Licht, J.)**

STATE OF RHODE ISLAND                          SUPERIOR COURT
KENT, SC.


IN RE TOWN OF COVENTRY          :          Case No.: KM-2024-0578
          *Petitioner*          :

### PETITIONER'S MOTION FOR ENTRY OF JUDGMENT OR, ALTERNATIVELY, ASSIGNMENT FOR TRIAL

Petitioner Town of Coventry hereby moves pursuant to R.I. GEN. LAWS § 24-1-1 *et seq.* and SUPER. CT. R. CIV. P. 58(2) for an entry of judgment or, alternatively, for an order assigning the case for trial pursuant to R.I. GEN. LAWS § 24-1-9 and SUPER. CT. R. CIV. P. 40(2). As grounds, the Town submits as follows.

Notwithstanding service of the notice of condemnation and actual notice thereof, the owners and those having interest (collectively "Soscia") in the condemned dam and pond property that is the subject of this action failed timely to file a petition for an assessment of damages as required by R.I. GEN. LAWS § 24-1-8 (assessment of damages by court). Instead, Soscia has attempted an end-run around this Court by attacking the condemnation in the Rhode Island federal district court. Soscia's failure to petition for an assessment of damages in this Court likely forfeits and forever forecloses any right, claim, or action that Soscia had to file a petition challenging the taking and the compensation paid by the Town. Notwithstanding, Soscia's attempt to run around § 24-1-8's one-year clock does not obviate the Town's right to a final disposition of the Town's petition and condemnation.

By the within motion, the Town thus seeks an order from the Court advancing the proceedings to a final disposition of the Town's petition and condemnation. To that end, the Town submits that the Court has authority and discretion to proceed in one of two directions.

1

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

First, because the Town has already deposited the dollar amount of the value of the condemned property in the registry of the court, the Court has authority and discretion pursuant to R.I. GEN. LAWS § 24-1-1 *et seq.* and SUPER. CT. R. CIV. P. 58(2) to enter a final judgment determining that the value of the condemned property is $157,000 and discharging the Town from all liability in connection with the taking.  Second, alternatively, to the extent the Court considers that additional evidence is necessary, the Court has authority and discretion pursuant to R.I. GEN. LAWS § 24-1-9 and SUPER. CT. R. CIV. P. 40(2) to issue an order assigning the case for trial to determine damages.

The within motion is supported by the Town's concomitantly filed memorandum.  The Town's motion and supporting memorandum have been or (well in advance of the hearing) will be served or delivered together with an omnibus form with notice of hearing on all former owners and/or persons purporting to have an interest who were previously served with notice of the condemnation (*i.e.,* Soscia Holdings, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, Structures at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC).

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

Case 1:25-cv-00274-MRD-AEM    Document 51-15    Filed 02/05/26    Page 6 of 12 PageID #: 2714

**WHEREFORE**, the Town of Coventry respectfully requests that the Court grant the

within motion and enter judgment for the Town or enter an order assigning the case for trial for a

final determination of the value of the condemned property.

PETITIONER,

TOWN OF COVENTRY,

**By its attorneys,**

/s/*Michael T. Eskey*
Michael T. Eskey (#3035)
**Moses Ryan Ltd.**
40 Westminster Street, 9th Floor
Providence, Rhode Island 02903
(401) 453-3600
(401) 433-7834 (direct line)
**teskey@marlawri.com**

Stephen J. Angell, Esq. #6132
**Angell Law, LLC**
56 Pine Street, Suite 200
Providence, Rhode Island 02903
Direct Dial:    401.258.3440
Email: stephen@angell.law
*Town Solicitor*

**Date: July 28, 2025**

3

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

Case 1:25-cv-00274-MRD-AEM    Document 51-15    Filed 02/05/26    Page 7 of 12 PageID #: 2715

## **CERTIFICATION**

I hereby certify that on the 28th day of July 2025, I filed and served the foregoing document through the electronic filing system on counsel for all parties designated to receive service. Additionally, the undersigned caused copies of the foregoing document to be delivered by certified mail (return receipt requested) or email attachment to:

Richard E. Fleury, Esq.
33 College Hill Road, Bldg. 20
Warwick, RI 02886
*Registered Agent for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC*

Michael A. Kelly, Esq.
Scott D. Levesque, Esq.
Gregory S. Estabrooks, Esq.
KSPR LAW, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
mkelly@ksprlaw.com
*Counsel of Record for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC* (*Soscia Holdings, LLC et al. v. Town of Coventry, et al.,* D.R.I. Case No. 1:25-cv-00274-MRD-AEM)

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/*Michael T. Eskey*

4

**HEARING DATE: September 2, 2025 at 9:30 a.m. (Licht, J.)**

| | |
|---|---|
| STATE OF RHODE ISLAND | SUPERIOR COURT |
| KENT, SC. | |

IN RE TOWN OF COVENTRY        :        Case No.: KM-2024-0578
                *Petitioner*                :

**PETITIONER'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT OR, ALTERNATIVELY, ASSIGNMENT FOR TRIAL**

This is the next and, hopefully, final chapter in the Town of Coventry's condemnation of property consisting of the Flat River Reservoir (commonly known as Johnson's Pond), its dam, associated water rights, and an area of undeveloped, open-space land downstream of the Pond and dam ("Acquired Property").

On June 28, 2024, the Court entered an order approving the Town's deposit of $157,000 in the registry of the court as estimated just compensation for the Town's condemnation and taking of the Acquired Property ("Condemnation Order"). That same day, the Town deposited $157,000 in the registry of the court as compensation for the Acquired Property. As made expressly clear in the Condemnation Order, those events (the entry of the Court's order and the Town's registry deposit) vested title to the Acquired Property in fee simple absolute in the Town, the Acquired Property was deemed condemned and taken for the use of the Town, and the right to just compensation for the Acquired Property vested in the persons entitled thereto.

The former owners of and persons interested in the Acquired Property (Soscia Holdings, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, Structures at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC – collectively, "Soscia") were duly served with statutory notice of the condemnation and their attorneys, who were present at the hearing preceding the Court's entry of the Condemnation Order, were provided with – but declined – an opportunity to be heard.

1

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

The Town's deposit of estimated just compensation in the registry of the court started a one-year clock within which Soscia – to the extent it elected to challenge the condemnation – had a right to petition the Court, identify its interest in the Acquired Property, and request an assessment of damages.  *See,* R.I. GEN. LAWS § 24-1-8.  Soscia did not petition for an assessment of damages within the one-year limit provided by § 24-1-8.  Instead, Soscia has attempted an end-run around this Court by filing a multipronged attack on the condemnation – naming numerous Town officials individually (including the Town's solicitor and even councilmembers who were not serving at the time of the taking) – in the Rhode Island federal district court.

Soscia's failure to initiate proceedings in the Superior Court challenging the taking and the compensation paid by the Town within the one-year time period to challenge the taking under § 24-1-8 likely forfeits and forever forecloses any right, claim, or action that it had to file a petition in the Superior Court challenging the taking and the compensation paid by the Town. Notwithstanding, Soscia's election to disregard § 24-1-8's one-year clock clearly does not obviate the Town's right to a final judicial disposition (*i.e.,* judgment) in this Court on the condemnation.  *See,* R.I. GEN. LAWS § 24-1-1, 3, 8, 9, 13.  Given Soscia's failure timely to exercise its rights under § 24-1-8 to challenge the condemnation and compensation paid, there are two paths under the governing statute (R.I. GEN. LAWS § 24-1-1 *et seq.*) and Court rules for proceeding to final judgment on the condemnation.

First, the evidence that the Town presented in support of its Statement of Sum of Estimated Just Compensation for Property Taken and Request for an Order Approving the Deposit in the Court's Registry (in particular, the affidavit and appraisal report of Thomas S. Andolfo, MAI, SRA, AI-GRS) supports a determination that the value of the condemned property is $157,000.  Because the Town has already deposited that amount in the registry of the

2

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

Case 1:25-cv-00274-MRD-AEM    Document 51-15    Filed 02/05/26    Page 10 of 12 PageID
#: 2718

court, the Court has authority and discretion pursuant to the governing statute, R.I. GEN. LAWS §

24-1-1 *et seq.* and SUPER. CT. R. CIV. P. 58(2) to enter a final judgment determining that

$157,000 is the value of the condemned property to be paid to Soscia and discharging the Town

from all liability in connection with the taking.

Second, alternatively, to the extent the Court considers that additional evidence is

necessary, the Court has authority and discretion pursuant to R.I. GEN. LAWS § 24-1-9 and

SUPER. CT. R. CIV. P. 40(2) to issue an order assigning the case for trial to determine damages.

For these reasons, the Town of Coventry respectfully requests that the Court grant its

motion and either enter judgment for the Town or enter an order assigning the case for trial.

**PETITIONER,**

**TOWN OF COVENTRY,**

**By its attorneys,**

/s/*Michael T. Eskey*
Michael T. Eskey (#3035)
**Moses Ryan Ltd.**
40 Westminster Street, 9th Floor
Providence, Rhode Island 02903
(401) 453-3600
(401) 433-7834 (direct line)
**teskey@marlawri.com**

Stephen J. Angell, Esq. #6132
**Angell Law, LLC**
56 Pine Street, Suite 200
Providence, Rhode Island 02903
Direct Dial:    401.258.3440
Email:  stephen@angell.law
*Town Solicitor*

**Date: July 28, 2025**

3

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.

Case 1:25-cv-00274-MRD-AEM   Document 51-15   Filed 02/05/26   Page 11 of 12 PageID
#: 2719

## CERTIFICATION

I hereby certify that on the 28th day of July 2025, I filed and served the foregoing document through the electronic filing system on counsel for all parties designated to receive service.  Additionally, the undersigned caused copies of the foregoing document to be delivered by certified mail (return receipt requested) or email attachment to:

Richard E. Fleury, Esq.
33 College Hill Road, Bldg. 20
Warwick, RI 02886
*Registered Agent for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC*

Michael A. Kelly, Esq.
Scott D. Levesque, Esq.
Gregory S. Estabrooks, Esq.
KSPR LAW, P.C.
128 Dorrance Street, Suite 300
Providence, RI 02903
mkelly@ksprlaw.com
*Counsel of Record for Soscia Holdings, LLC, Structures at Johnson's Pond, LLC, Boating at Johnson's Pond, LLC, Waterfront at Johnson's Pond, LLC, Common Area at Johnson's Pond, LLC, and Land at Johnson's Pond, LLC* (*Soscia Holdings, LLC et al. v. Town of Coventry, et al.,* D.R.I. Case No. 1:25-cv-00274-MRD-AEM)

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/*Michael T. Eskey*

4

Case Number: KM-2024-0578
Filed in Kent County Superior Court
Submitted: 7/28/2025 1:31 PM
Envelope: 5236910
Reviewer: Mike R.



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## OMNIBUS CALENDAR ASSIGNMENT FORM

| ☐ **Providence/Bristol County** | ☑ **Kent County** | ☐ **Washington County** | ☐ **Newport County** |
|---|---|---|---|

| IN RE TOWN OF COVENTRY | CASE NUMBER<br>KM-2024-0578 |
|---|---|
| VS. | |

### CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES

☐ FORMAL SPECIAL CAUSE CALENDAR   ☑ BUSINESS CALENDAR   ☐ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

| | |
|---|---|
| ☐ AGENCY APPEAL | ☐ MOTION FOR PROTECTIVE ORDER |
| ☐ ASSESSMENT OF DAMAGES | ☐ MOTION TO RECONSIDER |
| ☐ APPOINTMENT OF A SPECIAL MASTER | ☐ ORAL PROOF OF CLAIM |
| ☐ CONFIRM ARBITRATION | ☐ PETITION TO ALLOW SECURED CLAIM |
| ☐ DECLARATORY JUDGMENT | ☐ PETITION TO APPOINT TEMPORARY RECEIVER |
| ☑ ENTRY OF JUDGMENT | ☐ PROOF OF CLAIM |
| ☐ EVIDENTIARY HEARING | ☐ PETITION TO ENFORCE |
| ☐ FIRST AND FINAL REPORT | ☐ PETITION FOR INSTRUCTIONS |
| ☐ FORECLOSURE OF RIGHT OF REDEMPTION | ☐ PRELIMINARY INJUNCTION |
| ☐ FRIENDLY SUIT | ☐ APPOINTMENT OF PERMANENT SPECIAL MASTER |
| ☐ APPOINTMENT OF PERMANENT RECEIVER | ☐ PETITION TO RECLAIM |
| ☐ MOTION TO ATTACH | ☐ PARTITION PROCEEDINGS |
| ☐ MOTION FOR ATTORNEYS FEES | ☐ PETITION TO SELL |
| ☐ MOTION TO COMPEL RECEIVER | ☐ RECEIVERSHIP PROCEEDINGS |
| ☐ MOTION TO DEFAULT | ☐ SHOW CAUSE HEARING |
| ☐ MOTION FOR ENTRY OF FINAL JUDGMENT | ☐ SUPPLEMENTARY PROCEEDINGS |
| ☐ MECHANIC'S LIEN | ☐ TITLE PROCEEDINGS |
| ☐ MOTION FOR APPROVAL | ☐ TEMPORARY RESTRAINING ORDER |
| ☐ MANDATORY INJUNCTION | ☐ TRUSTEE PROCEEDINGS |
| ☐ MOTION TO ADJUDGE IN CONTEMPT | ☐ VACATE ARBITRATION |
| ☐ OTHER FORMAL MATTER (EXPLAIN) _____ | ☐ WRIT OF MANDAMUS |
| | ☐ WRIT OF REPLEVIN |
| ☑ OTHER BUSINESS MATTER (EXPLAIN) _____<br>or in the Alternative, Motion to Assign to Trial | |

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

### DISPOSITIVE MOTION CALENDAR

| | |
|---|---|
| ☐ MOTION TO DISMISS, UNDER RULE 12 | ☐ MOTION FOR PARTIAL SUMMARY JUDGMENT |
| ☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS | ☐ MOTION FOR SUMMARY JUDGMENT |
| ☑ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____<br>Motion for Entry of Judgment on Prior Proceedings | |

| **HEARING DATE:** September 2, 2025 | **APPROVED BY:** Brittany Moreau, Clerk |
|---|---|

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant<br>/s/ Michael T. Eskey | Address:<br>40 Westminster Street, 9th Fl, Providence, RI 02903 |
|---|---|
| Rhode Island Bar Number: 3035 | Office Telephone Number: 401-453-3600 | Date: 7/28/25 |

Superior-37 (revised June 2020)